ROYAL INDEMNITY COMPANY et al., Appellants,

v.

Betty J. MAGEE et al., Appellees.

No. 20864.

United States Court of Appeals. Fifth Circuit.

April 28, 1964.

P. A. Bienvenu, Bienvenu & Culver, New Orleans, La., for defendants-appellants.

Joseph A. Sims, Hammond, La., Parnell J. Hyland, Porteous & Johnson, New

**596**

Orleans, La., Sims & Mack, Hammond, La., for appellees.

Before RIVES, BELL and WRIGHT,* Circuit Judges.

PER CURIAM.

The jury awarded appellee Mrs. Magee $45,000 plus special damages for injuries received when a car driven by her husband struck a vehicle driven by one William J. Byrd as the Byrd car was making a left hand turn off a highway near New Orleans. The jury absolved Mr. Magee and held Byrd, his employer, and its insurer liable for Mrs. Magee's injuries.

Although appellants suggest that the jury erred on the issue of responsibility for the accident, their real thrust is directed at the amount of the award in damages. They ask this court to hold that, as a matter of law, the able and experienced trial judge abused his discretion in rejecting their motion for a new trial on the ground of excessiveness of the verdict. We find that the trial court acted well within its discretion.

Mrs. Magee was four months pregnant at the time of the accident. Lacerations to her face, received in the accident, required 300 sutures. Plastic surgery has been unsuccessful in removing the scars, and Mrs. Magee has been suffering since the accident from a condition diagnosed by Dr. Gene Usdin, an eminent psychiatrist, as a "phobic and anxiety psychoneurotic reaction" requiring "psychiatric care over a period of time."

Appellants suggest that the amount of the award is out of line with judgments for similar injuries in Louisiana state court cases, as well as several cases in the federal courts there. While these cases are interesting, they are not controlling. Under the Seventh Amendment, a jury's verdict stands absent reversible error, including manifest abuse of discretion. We find none here.

Affirmed.

* Of the D. C. Circuit, sitting by designation.